(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Luigi Lanzara

## DEFENDANTS

Jeffrey Cujdik, a/k/a Jeffrey Cjudik
Robert McDonnell, SGT Joseph Bologna
and The City of Philadelphia

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Timothy R. Hough, Esq.
1500 JFK Blvd, Suite 1907
Philadelphia, PA 19102
215-564-5200

ATTORNEYS (IF KNOWN)

The City of Philadelphia Law Dept.
Civil Rights Division
1515 Arch Street
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

### CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PERSONAL INJURY

☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS

☐ 510 Motions to Vacate Sentence
☐ 530 Habeas Corpus
☐ 540 Mandamus & Other
☐ 550 Civil Rights

### FORFEITURE/PENALTY

☐ 610 Agriculture
☐ 620 Food & Drug
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC (405(g))
☐ 863 DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

091380-Nunez v. The Cith and 09936-Gonzalez v. The City

DATE **9/4/05**

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Luigi Lanzara 4752 Melrose Street Philadelphia, PA 19137_

Address of Defendant: _1515 Arch Street Philadelphia, PA 19102_

Place of Accident, Incident or Transaction: _Philadelphia_

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?          Yes ☐    No ☒

*RELATED CASE IF ANY*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes ☐    No ☒

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                          Attorney-at-Law         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _September 4, 2009_     _____     40898
                              Attorney-at-Law       Attorney I.D.#

CIV. 609 (7/95)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Luigi Lanzara | : | CIVIL ACTION |
| v. | : |  |
| Jeffrey Cujdik, a/k/a | : |  |
| Jeffrey Cjudik | : |  |
| SGT. Joseph Bologna | : | NO. |
| and The City of Philadelphia |  |  |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits    (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)    (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| September 4, 2009 | Timothy R. Hough, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-564-5200 | 215-563-8729 | Jafhough@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANTONIO LANZARA<br>4316 Leiper Street<br>Philadelphia, PA 19124 | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | Jury Trial Demanded |
| | : | |
| JEFFREY CUJDIK | : | |
| a.k.a. JEFFREY CJUDIK, | : | Civil Action No: |
| Badge 6688 | : | |
| individually and in his capacity | : | |
| as a Police Officer for the City | : | |
| of Philadelphia | : | |
| c/o City Solicitor's Office | : | |
| 1515 Arch Street | : | |
| Philadelphia , PA 19102 | : | |
|    and | : | |
| | : | |
| ROBERT MCDONNELL, | : | |
| individually and in his capacity | : | |
| as a Police Officer for the City | : | |
| of Philadelphia | : | |
| c/o City Solicitor's Office | : | |
| 1515 Arch Street | : | |
| Philadelphia , PA 19102 | : | |
|    and | : | |
| | : | |
| SGT. JOSEPH BOLOGNA, | : | |
| individually and in his capacity | : | |
| as a Police Officer for the City | : | |
| of Philadelphia | : | |
| c/o City Solicitor's Office | : | |
| 1515 Arch Street | : | |
| Philadelphia , PA 19102 | : | |
|    and | : | |
| | : | |
| | : | |
| OFFICER JOHN DOE | : | |
| a.k.a. "additional police personnel," | : | |
| individually and in his capacity | : | |
| as a Police Officer for the City | : | |
| of Philadelphia | : | |
| c/o City Solicitor's Office | : | |
| 1515 Arch Street | : | |

Philadelphia , PA 19102                          :
and                                              :
                                                 :
THE CITY OF PHILADELPHIA                         :
c/o City Solicitor's Office                      :
1515 Arch Street                                 :
Philadelphia , PA 19102                          :

**Defendants**

<u>COMPLAINT</u>

1.    Plaintiff is Antonio Lanzara, an adult male who resides at 4316 Leiper Street, Philadelphia, PA 19124.

2.    Defendant is the City of Philadelphia, a city of the first class of the Commonwealth of Pennsylvania, who owns, operates, manages, directs, and controls the Philadelphia Police Department which employs the defendant police officers.

3.    Defendant, Jeffrey Cujdik, at all times relevant to this Complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia. This defendant is being sued in both his individual and official capacity. This officer was acting in concert and conspiracy with other known and unknown defendant police officers.

4.    Defendant, Robert McDonnell, Jr., at all times relevant to this Complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia. This defendant is being sued in both his individual and official capacity. This

officer was acting in concert and conspiracy with other known and unknown defendant police officers.

5.  This is a civil action seeking damages against the defendants for committing acts that deprived the Plaintiff of rights secured under the Constitution and the laws of the United States of America, pursuant to Title 42 U.S.C. §§ 1983 and 1988 and state law tort claims.

6.  This Court has jurisdiction to adjudicate Plaintiff's claim under 28 U.S.C. §§ 1331 and 1343. Plaintiff asserts federal claims pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiff also invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because all parties reside or maintain their principal place of business in the District, and because all claims accrued within the District.

## COUNT I

8.  Plaintiff incorporates the provisions of paragraphs 1-7 as though set forth here at length.

9.  On or about July 14, 2006, Officers Cujdik and McDonnell presented a sworn affidavit of probable cause and applied for a warrant to search 4752 Melrose Street, a property which is owned by Antonio Lanzara and Search Warrant No. 123775 was issued.

10.  On or about July 14, 2006, Officers Cujdik and McDonnell presented a sworn affidavit of probable cause and applied for a warrant to search 4316 Leiper Street, the residence of Antonio Lanzara, and Search

Warrant No. 123073 was issued.

11.    The sworn statement which served as probable cause attested that the Confidential Informant No. 103, later discovered to be Ventura Martinez, had been inside 4752 Melrose Street sometime during the month of July 2006, and observed several pounds of marijuana in the basement of the house.

12.    The sworn statement which served as probable cause also attested that Ventura Martinez had been inside 4316 Leiper Street where he observed several handguns and shot guns and an ammunition reloading center.

13.    Confidential Informant, Ventura Martinez, has since publicly attested that he fabricated evidence by lying in his sworn statements to create probable cause for Officer Cujdik to get search and seizure warrants to illegally enter the homes of his suspects and because Martinez was paid large sums of money for his information.

14.    Plaintiff, Antonio Lanzara, attests that he never met Ventura Martinez and that Martinez was never inside the Plaintiff's home, as was alleged in the sworn statement of probable cause given by the police.

15.    Jeffrey Cujdik violated a police regulation requiring that all relationships and interaction between confidential informants and officers be kept professional and objective by having Ventura Martinez as a tenant in his home and maintaining a personal relationship with him of such nature that Martinez's children referred to Cujdik as "Uncle Jeff."

16.    Plaintiff was arrested and charged with serious drug and weapon offenses and was required to post $50,000 in bail for pre-trial release.

17. Plaintiff's charges were later withdrawn.

18. On or about February 2009, the Plaintiff learned for the first time that the confidential informant admitted that he never met either Antonio or Luigi Lanzara when the Daily News began a series or articles entitled *Perverted Justice* which concerned in part the arrests of the Lanzaras.

19. Until the time the articles ran, the Lanzaras had no way to know who confidential informant 103 was in order to dispute the informant's claims that he knew Antonio and Luigi Lanzara and had been inside their homes.

20. As a direct and proximate result of the defendants' actions, plaintiff suffers serious and permanent trauma.

21. At all times material hereto, the City of Philadelphia was charged with the responsibility and duty of testing, hiring, training, and supervising the employees of the Philadelphia Police Department, including the defendants, and all the police officers present at the incident complained of herein.

22. As a direct and proximate result of the actions and/or failure to act of all the defendants, plaintiffs suffered and continue to suffer pain, financial loss, loss of reputation, disreputable notoriety, alienation, and emotional distress, some or all of which might be permanent.

23. At all times relevant to this Complaint, defendants were acting within their official capacity and acting within the scope of their employment, and under the color of state law.

24. At all times relevant to this Complaint, the actions taken by all defendants deprived plaintiffs of constitutional and statutory rights.

## COUNT I

### (42 U.S.C. §§ 1983, 1988)

### Policy and Customs for the Use of Confidential Informants

25.     Plaintiff incorporates the provisions of paragraphs 1-24 as though set

forth here at length.

26.     As a direct and proximate result of the policy/custom regarding the use of

confidential informants, employed by the City of Philadelphia, committed

under the color of state law, plaintiff was deprived of his right to be free

from unlawful detention, the unreasonable use of force, to be secure in

his person or property, and in due process of law. As a result, plaintiff

suffered and continues to suffer harm, in violation of plaintiff's rights

under the laws and Constitution of the United States, particularly the

Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

27.     Insufficient auditing and monitoring of the individuals enlisted as

confidential informants, by the City of Philadelphia, allows for the abuse of

protections afforded the status of a confidential informant in search

warrants, and the consequential violation of constitutional and civil rights

of the plaintiff.

28.     As a direct and proximate result of the acts of all defendants, plaintiff

sustained pain, permanent injury, emotional distress, and financial losses,

all to plaintiff's detriment.

WHEREFORE, plaintiff demands judgement in excess of $100,000.00, for

punitive damages in excess of $100,000.00, plus interest, costs, attorney's fees and

such other relief as this Honorable Court may deem just.

## COUNT II

### (42 U.S.C. §§ 1983, 1988)

### <u>Unreasonable Search and Seizure</u>

29.   Plaintiff incorporates the provisions of paragraphs 1-28 as though set forth here at length.

30.   As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff was deprived of his right to be free from unlawful detention, arrest and prosecution, unreasonable search, to be secure in his person and property and to due process of law. As a result, plaintiff suffers and continues to suffer harm, in violation of the plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereto, and 42 U.S.C. § 1983.

31.   As a direct and proximate result of the acts of all defendants, plaintiff sustained pain, permanent injury, emotional distress, and financial and reputational losses, all to plaintiff's detriment.

WHEREFORE plaintiff demands judgment against the defendants for compensatory damages in amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and such other relief as this honorable court may deem just.

## COUNT III

### (42 U.S.C. §§ 1983 and 1988)

### <u>Failure to Train and Supervise</u>

32.    Plaintiff incorporates the provisions of paragraphs 1-31 as though set forth here at length.

33.    The defendant city of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs, as well as the need for adequate training, supervision, and/or discipline in the areas of:

A. Employing the proper personnel at the execution of a Search Warrant.

B. Prohibiting officers with relationships that may compromise the effective policing responsibility afforded by the nature of their occupation from participating on the same squad, unit or search warrant execution team.

C. The proper manner in which to conduct police operations during the execution of a search warrant where children are present.

D. The proper procedures for use of confidential informants.

E. The appropriate nature of relationships between officers and confidential informants.

34.    As a direct and proximate result of the above averments, plaintiff has been deprived of his rights secured by the United States Constitution, pursuant to   42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment against the defendants in amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00

plus interests, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT IV

### (42 U.S.C. §§ 1983 and 1988)

#### Supervisor Liability

35.     Plaintiff incorporates the provisions of paragraphs 1-34 as though set forth here at length.

36.     A defendant City of Philadelphia police supervisor was present at and during the time of the execution of the search warrant on July 16, 2006.

37.     A defendant City of Philadelphia police supervisor had the duty, ability, authority, and opportunity to intervene, prevent, and stop the unconstitutional treatment of the plaintiff.

38.     A defendant City of Philadelphia police supervisor willfully, intentionally, knowingly, negligently, and with a reckless disregard for the well-being plaintiff, failed to act, under such circumstances whereupon the inaction conveyed a message of approval of the misconduct, said misconduct constituting a violation of the plaintiff's civil rights.

39.     As a direct and proximate result of the defendant City of Philadelphia police supervisor's failure to act, the plaintiff suffered the injuries described in this Complaint.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory damages in an amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT V

## (42 U.S.C. §§ 1983 and 1988)
## Malicious Prosecution
## False Arrest

40.    Plaintiff incorporates the provisions of paragraphs 1-39 as though set forth here at length.

41.    Plaintiff was charged and prosecuted maliciously by the defendants.

42.    Defendants did not have probable cause to arrest and charge plaintiff with criminal offenses.

43.    Information regarding the veracity and reliability of the testimony and evidence given by confidential informant #103 in the sworn statements of Officer Cujdik have been publically repudiated by confidential informant #103 and other information has been published in the Philadelphia Daily News that ought to alert the Defendant City of Philadelphia to the questionable nature of these charges.

44.    As a direct and proximate cause of the defendant's false arrest of the plaintiff, the plaintiff suffered the injuries described in this complaint.


WHEREFORE, plaintiff demands judgment against the defendants for compensatory damages in an amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT VI

## Pendant State Claims

45.    Plaintiff incorporates the provisions of paragraphs 1-44 as though set forth here at length.

46.    The acts, omissions, and conduct of all defendants in this cause of action constitute defamation, slander, intentional infliction of emotional distress, and Due Process violations of the Constitution of the Commonwealth of Pennsylvania and state law. This court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory damages in amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## ALL COUNTS

47.    Plaintiff incorporates the provisions of paragraphs 1-46 as though set forth here at length.

WHEREFORE, plaintiff respectfully respects that this Honorable Court enter judgment in favor of the plaintiff and against all defendants and to award plaintiff the following relief:

(a)    Compensatory damages against all defendants;

(b)    Punitive damages against all defendants;

(c)    Plaintiff's attorney's fees, expert witness fees and all other costs of

suit;

(d)    Such other relief as the Court deems appropriate; and

(e)    A jury trial as to each defendant and as to each count


JAFFE AND HOUGH


By:_____
    TIMOTHY R. HOUGH, ESQ.
    Attorney for plaintiff
    I.D. # 40898
    JAFFE & HOUGH
    1907 Two Penn Center Plaza
    15th Street & JFK Blvd.
    Philadelphia, PA 19102
    (215) 564-5200